UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 3:97-00107-2 |
| ) | JUDGE CAMPBELL |
| SEAN McQUIDDY ) | |

**DEFENDANT'S SUPPLEMENTAL BRIEF**

Defendant Sean McQuiddy, who seeks relief from a life sentence, supplements his briefing to notify the Court of recent decisions applying the First Step Act in cases similar to his.

First, the appellate courts that have ruled on the issue have all held that the statute of conviction, rather than the relevant-conduct quantity, controls whether a crack-offender is eligible under the First Step Act. *United States v. Wirsing*, 943 F.3d 175,185-86 (4th Cir. 2019); *United States v. McDonald,* -- F.3d --, 2019 WL 6721187, *2 (8th Cir. Dec. 11, 2019); *United States v. Jackson,* -- F.3d --, 2019 QL 6838017, *3 (5th Cir. Dec. 16, 2019); *see generally United States v. Beamus,* 943 F.3d 789 (6th Cir. 2019) (suggesting agreement with this view). That point is an important premise of McQuiddy's argument. (*See* Motion, R.1724, PageID# 1050-51; Reply, R.1730, PageID# 1079-84.) These decisions indicate that McQuiddy's position on the issue is sound.

Second, additional district courts have granted relief in cases where the defendant's single drug conspiracy charge involved both powder and crack cocaine. *United States v. Opher*, 404 F.Supp.3d 853 (D.N.J. 2019) (granting relief to defendant convicted of conspiracy to traffic in 5 kilograms or more of powder and 50 grams or more of crack); *United States v. Allen,* 384 F.Supp.3d 238 (D. Conn. 2019) (granting relief to defendant convicted of conspiracy to distribute 5 kilograms or more of powder and 50 grams or more of crack); *United States v.*

*Mansoori,* No. 97-cr-63-9, 2019 WL 6700166 (N.D. Ill. Dec. 9, 2019) (granting relief to defendant convicted of conspiracy to distribute powder, crack, and heroin.)

This Court should find McQuiddy eligible for relief. That finding would be fair, partly because eligibility should not turn on the happenstance of charging decisions. First, McQuiddy's case was essentially a crack case: he was prosecuted for running a crack house by selling crack that was produced—as is all crack—from powder. (*See* Presentence Report at 13, ¶ 45 ("Whereas Darrell McQuiddy sold mostly powder cocaine in multi kilogram amounts, Sean McQuiddy distributed mostly crack cocaine from his crack house[.]").) That the prosecutor covered his bases by making the conspiracy cover crack and/or[1] powder should make no difference now. *Opher,* 404 F.Supp.3d at __, 2019 WL 3297201 at *11 ("Overall, the government's version of the offense conduct as set forth in the presentence report lumps together powder cocaine and crack cocaine purchases and sales as the essences of the Mack defendants' longstanding drug operation"). McQuiddy's charge was essentially a crack charge.

Second, the government could have spilt the powder and/or crack conspiracy charge into two counts, one for powder and one for crack. *United States v. Souder,* 782 F.2d 1534, 1539 (11th Cir. 1986). Under that two-count scenario, McQuiddy would be clearly eligible due to a conviction for the crack count, and, assuming he was also convicted for the powder conspiracy, the court could reduce the sentences for both the crack and powder convictions under its First Step authority. *Mansoori,* 2019 WL 6700166 at *4 ("Though a defendant must have been eligible for relief under the First Step Act, Section 404(b) does not limit a court's discretion to reduce sentence only to the covered offense.")

---

[1] As McQuiddy has explained, the "and" in the indictment did not require the government to prove both crack and powder as objects of the conspiracy, but either of the drugs would have sufficed for a conviction. (Reply, R.1730, PageID# 1077.)

Thus, the prosecutor's charging decision should not serve to categorically disqualify McQuiddy from relief. Eligibility for McQuiddy makes sense. Moreover, relief for McQuiddy makes sense in the big picture. There were at least three members of this conspiracy higher up than Sean McQuiddy, namely, James Hardy, Linus Leppink, and Darrell McQuiddy. (PSR at 9.) The docket sheet shows that those three ultimately received sentences, respectively, of 405 months, 180 months, and 190 months, while Sean McQuiddy is the only conspirator who is serving a life sentence, an extremely harsh penalty.

In sum, Sean McQuiddy was sentenced to life for trafficking crack cocaine under a now discredited statutory penalty scheme. Congress intends for a court to now have the chance to consider reducing that sentence. This Court should find it has that authority, and, in light of the nature of McQuiddy's offense and his post-sentencing rehabilitation, the Court should reduce his sentence.

Respectfully submitted,

*/s/ Michael C. Holley*
MICHAEL C. HOLLEY
Assistant Federal Public Defender
810 Broadway, Suite 200
Nashville, TN  37203
615-736-5047

*Attorney for Sean McQuiddy*

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2019, I electronically filed the foregoing *Defendant's Supplemental Brief* with the U.S. District Court Clerk by using the CM/ECF system, which will send a Notice of Electronic Filing to the following: Byron M. Jones, Assistant United States Attorney, 110 Ninth Avenue South, Suite A961, Nashville, TN 37203.

*/s/ Michael C. Holley*
MICHAEL C. HOLLEY